IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROMALLIC DYNEL NASH, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-218 |
| JEFF LNU | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Romallic Dynel Nash, Jr., a prisoner currently confined at the Richland Parish Detention Center, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against a front desk clerk at the Econo Lodge Inn and Suites in Beaumont, Texas.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges his family evacuated to Beaumont, Texas during a hurricane in September or October of 2021, and they stayed at the Econo Lodge Inn and Suites. While they were at the Econo Lodge, Plaintiff alleges he was sexually assaulted by a front desk clerk whose first name was Jeff.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989);

*McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id.* at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id.* at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The court has original jurisdiction if there is a federal question arising under the Constitution, laws, or treaties of the United States or if there is diversity among the parties. 28 U.S.C. §§ 1331-32. The court must presume that the action lies outside the scope of its limited jurisdiction, and, to rebut the presumption, Plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377.

Plaintiff filed his Complaint on a form intended for a prisoner filing a civil rights action under § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under

color of state law, causes another to be deprived of a federally protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)*; Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983. Plaintiff has not alleged any facts demonstrating that the Econo Lodge front desk clerk acted under color of state law. As a result, Plaintiff has failed to state a claim that is cognizable under § 1983.

Plaintiff's claim that the defendant assaulted him may present a tort claim under state law, but it does not present a federal question. Nor has Plaintiff alleged facts demonstrating that there is diversity jurisdiction. Because Plaintiff has failed to allege any facts from which this court could conclude it has subject matter jurisdiction, this action should be dismissed without prejudice.

## Recommendation

This civil rights action should be dismissed without prejudice.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings,

conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 1st day of February, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE